UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:13-CV-P7-R

**TODD E. ALLEN**                                                                                        **PLAINTIFF**

v.

**RICKY PARNELL et al.**                                                                        **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Todd E. Allen, filed a *pro se*, *in forma pauperis* complaint and amended complaint pursuant to 42 U.S.C. § 1983.[1]  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, who was incarcerated at the Fulton County Detention Center (FCDC) when he filed his complaint and amended complaint, names as Defendants Jailer Ricky Parnell and Chief Deputy Jim Williams in their individual and official capacities in his original complaint.  Plaintiff alleges that his requests for receiving kosher meals were denied, violating his First Amendment rights.  In his amended complaint (DN 6), Plaintiff names only Jailer Parnell as Defendant.  He states that he had filed a grievance about the hazardous living conditions at FCDC, *i.e.*, overcrowding; risk of fall from the constantly "sweating" floor; mold and mildew; and having to sleep on the floor.  That complaint also alleges that the grievance mechanism violated his due-process rights because responses were given only to certain grievances.  Finally, he states that FCDC had recently announced that it was implementing a "postcard only" mail

---

[1] A plaintiff may amend a pleading once as a matter of course within 21 days of service, and service has not occurred in this case.  *See* Fed. R. Civ. P. 15(a)(1).

system, which he alleges violates the First and Fourteenth Amendments to the Constitution.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Since filing his complaint and amended complaint, Plaintiff has notified the Court that he has been transferred from FCDC to Crittenden County Detention Center. Thus, any requests for declaratory or injunctive relief are moot because he is no longer incarcerated at FCDC. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Plaintiff does not seek any monetary damages. On both his original and amended complaint forms, Plaintiff checks the box for "other" relief and fills in the blank next to that: "to be determined by jury." Noticeably, he does

not check the box marked "award money damage." A court should not create a claim which a plaintiff "'has not spelled out in his pleading.'" *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1973) (internal quotation omitted). Because he has not requested monetary damages, and because any requests for injunctive or declaratory relief are moot, the instant action must be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims.

Date:

cc: Plaintiff, *pro se*
　　 Defendants
　　 Fulton County Attorney
4413.009